793 F.2d 214
 123 L.R.R.M. (BNA) 2210, 104 Lab.Cas. P 11,973
 INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL NO.
265, Appellant,
v.
O.K. ELECTRIC CO., INC., a Nebraska Corporation; Quantum
Electric, Inc., a Nebraska Corporation; and M & B
Corporation, a Nebraska Corporation, Appellees.
INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL NO.
265, Appellee,
v.
O.K. ELECTRIC CO., INC., a Nebraska Corporation, Appellant,
Quantum Electric, Inc., a Nebraska Corporation; and M & B
Corporation, a Nebraska Corporation.
 Nos. 85-2028, 85-2113.
 United States Court of Appeals,
Eighth Circuit.
 Submitted April 14, 1986.
Decided June 13, 1986.
 
 David Weinberg, Omaha, Neb., for appellant.
 Robert Bartle and William Harding, Lincoln, Neb., for appellees.
 Before John R. GIBSON, Circuit Judge, SWYGERT,* Senior Circuit Judge, and FAGG, Circuit Judge.
 PER CURIAM.
 
 
 1
 International Brotherhood of Electrical Workers, Local 265 (Union) appeals from the district court's order upholding an arbitrator's award in its favor, contending that the district court improperly (1) remanded the matter to the arbitrator to determine an appropriate remedy, (2) dismissed Quantum Electric, Inc. and M & B Corporation as parties, and (3) refused to award the Union attorneys' fees. O.K. Electric Company, Inc. (O.K. Electric) cross-appeals, challenging both the arbitrator's determination that O.K. Electric violated the collective bargaining agreement and that the award is enforceable against O.K. Electric. We affirm the judgment of the district court.
 
 
 2
 O.K. Electric, a Nebraska corporation headquartered in Omaha, is engaged in the electrical contracting business. From 1964 through 1982, O.K. Electric operated a branch office in Lincoln, Nebraska.
 
 
 3
 The Union is a labor organization having territorial jurisdiction within several counties in southeast Nebraska, including the county in which Lincoln is located. The Union represents, for purposes of collective bargaining, all employees of O.K. Electric's Lincoln office. For several years the Union and O.K. Electric have been parties to successive collective bargaining agreements, the latest covering a period from June 1, 1983, to May 31, 1984.
 
 
 4
 In 1982 Steve Bowen, manager of O.K. Electric's Lincoln office and a minority shareholder, resigned his position and formed Quantum Electric, Inc. (Quantum), a Nebraska corporation engaged in the general and electrical contracting business. Bowen then traded both his interest in Quantum and his minority stock interest in O.K. Electric to M & B Corporation (M & B) in return for an interest in M & B. M & B, a holding corporation, eventually became the sole shareholder of Quantum and of O.K. Electric.
 
 
 5
 Quantum proceeded to bid upon, and enter into, electrical construction contracts in the Lincoln area. O.K. Electric equipment was used by Quantum, and O.K. Electric personnel became associated with Quantum. Eventually, O.K. Electric decided to close its Lincoln office.
 
 
 6
 Arlie Heald, the Union's business manager, conducted an investigation to determine the relationship between O.K. Electric and Quantum. Heald concluded that O.K. Electric was using Quantum to circumvent the collective bargaining agreement in violation of article III, section 3.9 of the agreement. Section 3.9 provides:
 
 
 7
 In order to protect and preserve, for the employees covered by this Agreement, all work heretofore performed by them, and in order to prevent any device or subterfuge to avoid the protection and preservation of such work, it is hereby agreed as follows: If and when the Employer shall perform any work of the type covered by this Agreement, under its own name or under the name of another, as a corporation, company, partnership, or any other business entity, including a joint venture, wherein the Employer, through its officers, directors, partners or stockholders, exercises either directly or indirectly, management, control or majority ownership, the terms and conditions of this Agreement shall be applicable to all such work.
 
 
 8
 Heald filed a grievance, and notice was given to O.K. Electric.
 
 
 9
 The grievance was referred initially to the Labor-Management Committee (Committee) and then to the National Council on Industrial Relations for the Electrical Contracting Industry (Council) for binding arbitration when the Committee became deadlocked. The Union and O.K. Electric were represented at the hearing. The Council ruled that "[i]n the instant case based on the evidence presented the employer is in violation of Section 3.9 of the agreement." The Council did not fashion a remedy, and no further proceedings were held.
 
 
 10
 The Union then instituted this action under 29 U.S.C. Sec. 185(a) seeking to enforce the Council's determination and to bind Quantum and M & B to that determination. The district court found that O.K. Electric was bound by the Council's decision that it had violated section 3.9 of the collective bargaining agreement, but that the matter should be remanded to the Council for the determination of an appropriate remedy.
 
 
 11
 O.K. Electric challenges the enforceability of the Council's award. The United States Supreme Court has recently reiterated the standard for reviewing an arbitration award made under a collective bargaining agreement.
 
 
 12
 Under well-established standards for the review of labor arbitration awards, a federal court may not overrule an arbitrator's decision simply because the court believes its own interpretation of the contract would be the better one. Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593, 596, 80 S.Ct. 1358, 1360, 4 L.Ed.2d 1424 (1960). When the parties include an arbitration clause in their collective-bargaining agreement, they choose to have disputes concerning constructions of the contract resolved by an arbitrator. Unless the arbitral decision does not "dra[w] its essence from the collective bargaining agreement," id., at 597, 80 S.Ct. at 1361, a court is bound to enforce the award and is not entitled to review the merits of the contract dispute. This remains so even when the basis for the arbitrator's decision may be ambiguous. Id., at 598, 80 S.Ct. at 1361.
 
 
 13
 W.R. Grace & Co. v. Local 759, International Union of the United Rubber, Cork, Linoleum & Plastic Workers, 461 U.S. 757, 764, 103 S.Ct. 2177, 2182, 76 L.Ed.2d 298 (1983). The district court correctly determined that the Council's decision draws its essence from the collective bargaining agreement. Thus, the district court was not entitled to review the merits of the Council's award, and it was bound to enforce the decision. Id.
 
 
 14
 Because the Council did not fashion a remedy, the district court correctly determined that there was nothing for the court to enforce, and it properly remanded the matter to the Council to determine the appropriate remedy. See, e.g., United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 597-99, 80 S.Ct. 1358, 1361-1362, 4 L.Ed.2d 1424 (1960); United Food & Commercial Workers Union, Local 1119 v. United Markets, Inc., 784 F.2d 1413, 1416 (9th Cir.1986); Ethyl Corp. v. United Steelworkers of America, 768 F.2d 180, 187 (7th Cir.1985), cert. denied, --- U.S. ----, 106 S.Ct. 1184, 89 L.Ed.2d 300 (1986); Harvill v. Roadway Express, Inc., 640 F.2d 167, 170 (8th Cir.1981).
 
 
 15
 Furthermore, the district court correctly determined that the Council's award is not enforceable against Quantum or M & B. Neither Quantum nor M & B signed the collective bargaining agreement, and the Union filed its grievance solely against O.K. Electric. Quantum and M & B were never directly notified of the grievance, or that their interests were involved. Although Quantum's secretary-treasurer, Robert McMahon, was involved in the grievance procedures, he participated solely in his capacity as an officer of O.K. Electric.
 
 
 16
 Finally, the district court properly declined to award to the Union attorneys' fees.
 
 
 17
 Attorneys' fees are ordinarily not recoverable by the prevailing party in federal litigation unless authorized by statute or justified by circumstances in which the losing party has acted in bad faith. General Drivers, Helpers and Truck Terminal Employees, Local 120 v. Sears, Roebuck & Co., 535 F.2d 1072, 1077 (8th Cir.1976). Attorneys' fees are not authorized by statute in suits to enforce arbitration awards. Id.
 
 
 18
 Lackawanna Leather Co. v. United Food & Commercial Workers International Union Local 271, 706 F.2d 228, 232 (8th Cir.1983) (en banc). Although an "unjustified refusal to abide by an arbitrator's award may constitute bad faith for the purpose of awarding attorneys' fees," United Automobile, Aerospace & Agricultural Implement Workers Local 1165 v. United Farm Tools, Inc., 762 F.2d 76, 77 (8th Cir.1985) (per curiam), O.K. Electric's refusal to abide by the decision was reasonable in light of the Council's failure to formulate a remedy.
 
 
 19
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 *
 The HONORABLE LUTHER M. SWYGERT, Senior Judge, United States Court of Appeals for the Seventh Circuit, sitting by designation