NCR CORPORATION, Plaintiff–Appellee,

v.

SAC–CO., INC., d/b/a Acme Cash Register Company f/k/a CBS Liquor Control, Inc., Defendant–Appellant.

No. 94–3031.

United States Court of Appeals, Sixth Circuit.

Argued Nov. 17, 1994.

Decided Jan. 12, 1995.

Rehearing and Suggestion for Rehearing En Banc Denied Feb. 21, 1995.

Todd B. Carver, NCR Corp., Law Dept. WHQ–4, Dayton, OH, Donald J. Friedman (argued and briefed), John M. Devaney, Perkins & Coie, Washington, DC, for plaintiff-appellee.

Albert J. Millus, Jr. (argued and briefed), Hinman, Howard & Kattell, Binghamton, NY, for defendant-appellant.

Before: WELLFORD, RYAN, and BATCHELDER, Circuit Judges.

RYAN, J., delivered the opinion of the court, in which BATCHELDER, J., joined. WELLFORD, J. (p. 1081), delivered a separate concurring opinion.

RYAN, Circuit Judge.

In this diversity action to vacate and confirm arbitration awards, Sac–Co, Inc. appeals the magistrate judge's judgment vacating the award of punitive damages ordered by an arbitrator. We are asked to determine whether (1) the magistrate judge erred in vacating the arbitrator's entire punitive damages award, and (2) whether the case should be remanded to the arbitrator. We conclude that the magistrate judge properly vacated the entire punitive damages award. Therefore, the judgment of the magistrate judge is affirmed.

## I.

NCR Corporation is a manufacturer and seller of data processing equipment, including electronic cash registers. NCR entered into a dealer agreement with Sac–Co (hereinafter "Acme") in which NCR appointed Acme to be an authorized, nonexclusive dealer for the purchase and resale of NCR equipment. The agreement provided for arbitration of any dispute arising out of the agreement.

On April 26, 1989, NCR filed an action against Acme in the Supreme Court of the State of New York seeking payment for monies due under a promissory note and payment deferral agreement. Acme counterclaimed against NCR alleging a variety of claims including unfair competition and tortious interference with contractual relations. Acme claimed that NCR engaged in unfair competition by improperly soliciting Acme's clients and disparaging Acme's products. NCR filed a motion to stay Acme's counterclaim pending arbitration and to arbitrate its collection claims. The court granted the mo-

tion, and the parties pursued the matter in arbitration.

The arbitrator found for NCR on its claim and awarded NCR $10,710. The arbitrator then found NCR liable on Acme's counterclaim and awarded Acme $58,896 in compensatory damages in addition to the expenses of arbitration. The arbitrator also assessed punitive damages against NCR in the amount of $1,335,180, stating:

> the Arbitrator believes that NCR Corporation, while not acting maliciously in determining in 1984 to allow FEs to sell in competition with dealers that it had just recently recruited, does believe that NCR had not evidenced a sufficient sensitivity to the rights of others in making its corporate decisions.

The arbitrator found that NCR's conduct "was not aimed at Acme specifically but was [aimed] at all of its nonservicing dealers." Based on this finding, the arbitrator ordered NCR to pay punitive damages to all of NCR's United States nonservicing dealers even though only one nonservicing dealer, Acme, was a party to the action before the arbitrator. Plainly suspicious of his authority to make such an award to nonparties, the arbitrator stated:

> It is my intention in this decision and subsequent award, to fashion a punitive damages award which is unique to my own research but will do justice and utilize arbitration's flexibility to neither be unfair to NCR nor unjustly reward or provide a windfall to Acme.

The arbitrator further explained:

> It should be specifically noted that the damages which I have labeled punitive, I have awarded against NCR. *I have not awarded them in favor of Acme* and that is a conscious decision. It is not acceptable, in this Arbitrator's view, to give the Plaintiff a windfall simply in order to accomplish the deterrence role of punitive damages.

The arbitrator's award of punitive damages was based on the following formula: the estimated profit potential of each NCR field engineering office multiplied by 10. The number 10 was the estimated number of

nonservicing dealers that would share in the award. There were an estimated 100 to 150 nonservicing dealers. However, the arbitrator believed that multiplying the profit potential times 100 or 150 would unjustly punish NCR.

On January 16, 1991, NCR filed a motion in the United States District Court for the Southern District of Ohio seeking to vacate the compensatory and punitive damages awards. Acme filed an Application and Motion to Confirm in Part and to Vacate in Part the arbitration awards. Both parties agreed that the arbitrator exceeded his authority and acted in manifest disregard of the law in awarding punitive damages to nonparties. Acme requested that the district court award all of the punitive damages to Acme.

The magistrate judge vacated the punitive damages award, finding that the arbitrator exceeded his powers in awarding damages to nonparties. The magistrate judge refused, however, to award all of the punitive damages to Acme because: (1) the Federal Arbitration Act does not authorize courts to modify the substance of arbitration awards, and (2) the arbitrator's express intent was to not award all of the punitive damages to Acme because he did not want Acme to get a "windfall." The magistrate judge also confirmed the compensatory damages awards against both parties. Only the punitive damages are in issue in this appeal.

Acme filed a motion for reconsideration which the magistrate judge denied, stating that rewriting the award to give Acme all of the punitive damages "would be so gross a modification of the substance of the award as to be an inappropriate judicial review of the substance of an arbitration award." The court also rejected Acme's request for a remand to the arbitrator, stating that a remand is only appropriate when necessary to clarify an ambiguity in an award.

Acme appeals from the magistrate judge's decision vacating the punitive damages award and denying a remand.

## II.

■ The standard of review in arbitration cases is generally extremely narrow. *Dobbs,*

*Inc. v. Local No. 614, Int'l Bd. of Teamsters,* 813 F.2d 85, 86 (6th Cir.1987)(quoting *Anaconda Co. v. District Lodge No. 27, Int'l Ass'n of Machinists & Aerospace Workers,* 693 F.2d 35, 36 (6th Cir.1982)). "[T]hat a court is convinced [the arbitrator] committed serious error does not suffice to overturn his decision." *United Paperworkers Int'l Union v. Misco, Inc.,* 484 U.S. 29, 38, 108 S.Ct. 364, 371, 98 L.Ed.2d 286 (1987).

■ However, an order to vacate an arbitration award is reviewed with more scrutiny. Many circuits review an order to vacate an arbitration award *de novo. See, e.g., Bowles Fin. Group, Inc. v. Stifel, Nicolaus & Co.,* 22 F.3d 1010, 1012 (10th Cir.1994); *Gulf Coast Indus. Workers Union v. Exxon Co.,* 991 F.2d 244, 248 (5th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 441, 126 L.Ed.2d 375 (1993); *Peoples Sec. Life Ins. Co. v. Monumental Life Ins. Co.,* 991 F.2d 141, 145 (4th Cir.1993); *Employers Ins. of Wausau v. National Union Fire Ins. Co.,* 933 F.2d 1481, 1485 (9th Cir.1991).

■ A court's power to *vacate* an arbitration award is almost exclusively confined to the four grounds specified in the Federal Arbitration Act, 9 U.S.C. § 10 (Supp.1994). Additionally, a court may vacate an award if the conduct of the arbitrator constitutes "'manifest disregard'" of applicable law. *Pontiac Trail Medical Clinic, P.C. v. Paine-Webber, Inc.,* No. 92–1972, 1993 WL 288301, at *3, 1993 U.S.App. LEXIS 20280, at *7 (6th Cir. July 29, 1993)(unpublished disposition)(quoting *National R.R. Passenger Corp. v. Chesapeake & Ohio Ry. Co.,* 551 F.2d 136, 141–42 (7th Cir.1977)). We think, therefore, that *de novo* is the correct standard of review of an order vacating an arbitration award.

9 U.S.C. § 10 provides, in part:

(a) In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration—

(1) Where the award was procured by corruption, fraud, or undue means.

(2) Where there was evident partiality or corruption in the arbitrators, or either of them.

(3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

(4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

(5) Where an award is vacated and the time within which the agreement required the award to be made has not expired the court may, in its discretion, direct a rehearing by the arbitrators.

Section 10(a)(4) provides that an award may be vacated where the arbitrators exceeded their powers. Some circuits have specifically held that arbitrators exceed their powers when they determine rights and obligations of individuals who are not parties to the arbitration proceedings. In *Orion Shipping & Trading Co. v. Eastern States Petroleum Corp. of Panama*, 312 F.2d 299 (2d Cir.), *cert. denied*, 373 U.S. 949, 83 S.Ct. 1679, 10 L.Ed.2d 705 (1963), the court stated: "[A] decision whether parties other than those formally signatories to an arbitration clause may have their rights and obligations determined by an arbitrator when that issue has not been submitted to him is not within the province of the arbitrator himself but only of the court." *Id.* at 301.

Similarly, the Eighth Circuit in *International Brotherhood of Electrical Workers, Local No. 265 v. O.K. Electric Co.*, 793 F.2d 214 (8th Cir.1986), held that an arbitrator's award was not enforceable against an employer who was not a party to a collective bargaining agreement, to grievance proceedings, or to the arbitration. *Id.* at 216.

█ The parties agree that the arbitrator exceeded his powers when he awarded punitive damages to nonparties and that the magistrate judge properly vacated the punitive damages award to nonparties. No other nonservicing dealer joined Acme in submitting a claim to the arbitrator or in filing suit against NCR. Essentially, the arbitrator awarded a class action type relief in a case that was not a class action. Thus, the arbitrator exceeded his authority by resolving a dispute which may or may not have existed between NCR and its other nonservicing dealers, and by determining the rights of individuals who were not parties in the arbitration proceedings. Because of this unauthorized act, under the statutory language of both § 10 and § 11 of the Federal Arbitration Act, the magistrate judge correctly concluded that he had the authority to vacate the award.

█ Acme argues that the magistrate judge erred in vacating the entire award. Rather, Acme claims, the magistrate judge should have vacated the award "in-part"; specifically, the magistrate judge should have vacated only the portion of the award concerning nonparties. Acme submits that 9 U.S.C. § 10, which addresses when a court may vacate an award, governed the case, instead of 9 U.S.C. § 11 (1970), which addresses when a court may modify an award. We reject Acme's argument that vacating an award "in-part" is governed by § 10. Vacating an award "in-part," at least as requested by Acme in this case, is synonymous with modifying an award and is, therefore, governed by § 11.

█ A court's power to *modify* an arbitration award is confined to the grounds specified in § 11. 9 U.S.C. § 11 provides:

In either of the following cases the United States court in and for the district wherein the award was made may make an order modifying or correcting the award upon the application of any party to the arbitration—

(a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.

(b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.

(c) Where the award is imperfect in matter of form not affecting the merits of the controversy.

The order may modify and correct the award, so as to effect the intent thereof and promote justice between the parties.

◼ The magistrate judge correctly concluded that he did not have the authority to modify the award under § 11 for several reasons. First, § 11 forbids modifying an award when the modification will affect the merits of the controversy. Modifying the award in this case would affect the merits of the controversy. Here, vacating the award to the nonparties would result in an over $1 million dollar judgment to Acme; clearly a modification that would affect "the merits of the controversy." Second, under the last paragraph of § 11, increasing the award to Acme would not "effect the intent" of the award made by the arbitrator. The arbitrator specifically stated that:

It should be specifically noted that the damages which I have labeled punitive, I have awarded against NCR. *I have not awarded them in favor of Acme* and that is a conscious decision. It is not acceptable, in this Arbitrator's view, to give the Plaintiff a windfall simply in order to accomplish the deterrence role of punitive damages.

For this court to modify the award and grant the punitive damages award in its entirety to Acme would provide the windfall to Acme which the arbitrator expressly rejected.

◼ Acme also argues that the magistrate judge erred in refusing to sever the offending portion of the award to nonparties. Acme asks this court to abide by the severability provision in the arbitration award. In his award, the arbitrator included the following language: "If any part of this decision and awards made thereupon is determined to be void, illegal or beyond my power to make, then the remainder shall be severed and considered valid notwithstanding the impropriety of the part so struck down."

Acme suggests that the provision awarding punitive damages to nonparties should be severed as it was beyond the arbitrator's power to make. We reject Acme's request to sever only the named recipients of the award—the nonparties—with the result that the entire award would accrue to Acme. To follow this course would amount to a modifi-cation of the award which, as we have said, is impermissible under 9 U.S.C. § 11. The severability provision in the arbitration award does not trump the law governing modification of arbitration awards, as set out in 9 U.S.C. § 11.

### III.

◼ Acme argues that if this court is unwilling to redistribute the award of punitive damages to Acme, it should remand the case to the arbitrator for him to clarify the result he intended.

◼ A court may only remand a case back to the arbitrator when an arbitration award is ambiguous. *United Steelworkers Local 4839 v. New Idea Farm Equip. Corp.*, 917 F.2d 964, 968 (6th Cir.1990); *Cleveland Paper Handlers & Sheet Straighteners Union No. 11 v. E.W. Scripps Co.*, 681 F.2d 457, 460 (6th Cir.1982).

The award in the case at hand is not ambiguous. The decision is clear that Acme is entitled to $58,896 in compensatory damages in addition to the expenses of arbitration, and that NCR is entitled to $10,710. It is also clear that the arbitrator assessed punitive damages against NCR in the amount of $1,335,180 to a class of NCR dealers not parties to the arbitration. Thus, remand is not an appropriate remedy.

Accordingly, the judgment of the magistrate judge is **AFFIRMED.**

WELLFORD, Circuit Judge, concurring.

On appeal, NCR challenged the arbitrator's power to award punitive damages in the first place, asking this court to limit the arbitrator's power to award punitive damages in contractual settings.

I am certainly sympathetic to NCR's argument that empowering arbitrators to award punitive damages in a contractual setting is ill-advised. Much of my reservations may derive from a hesitancy to award punitive damages in a contractual setting between two equally sophisticated parties (absent bad faith). I am even more reluctant to allow non-judicial officers to make these decisions, as our ability to review these decisions is

greatly circumscribed by the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*

As of yet, this circuit has not needed to interpret Rule 43 of the American Arbitration Association, which states that "[t]he arbitrator may grant any remedy or relief that the arbitrator deems just and equitable and within the scope of the agreement of the parties, including but not limited to specific performance of a contract." And we need not do so in this case, as we have decided to vacate the punitive damages award on other grounds.

Until such a need arises, I would warn potential parties that wish to limit the power of their arbitrators to issue punitive damages to state specifically their intentions. Arbitrators are limited to the powers the parties confer on them. *Baravati v. Josephthal, Lyon & Ross, Inc.,* 28 F.3d 704, 709 (7th Cir.1994) (explaining that the parties could have limited the arbitrator's power to award punitive damages because "parties can stipulate to whatever procedures they want to govern the arbitration of their disputes").

I concur in vacating the punitive damages award under the circumstances of this case.