

1995 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-24-1995

# UPS v Int'l Brotherhood Tmstr.

Precedential or Non-Precedential:

Docket 94-7224

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1995

Recommended Citation
"UPS v Int'l Brotherhood Tmstr." (1995). *1995 Decisions*. Paper 143.
http://digitalcommons.law.villanova.edu/thirdcircuit_1995/143

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1995 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 94-7224


UNITED PARCEL SERVICE, INC.,

Appellant

v.

INTERNATIONAL BROTHERHOOD OF TEAMSTERS,
CHAUFFEURS, WAREHOUSEMEN AND HELPERS
OF AMERICA, LOCAL UNION NO. 430


On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. Action No. 93-cv-00807)


Argued: September 19, 1994

Before: GREENBERG, ROTH and ROSENN, <u>Circuit</u> <u>Judges</u>

(Opinion Filed May 24, 1995)

Martin Wald, Esquire (Argued)
Nicholas N. Price, Esquire
Axel J. Johnson, Esquire
Schnader, Harrison, Segal & Lewis
1600 Market Street, Suite 3600
Philadelphia, PA 19103
        Attorneys for Appellant

Ira H. Weinstock, Esquire
Jason N. Weinstock, Esquire (Argued)
Ira H. Weinstock, P.C.
800 North Second Street, Suite 100
Harrisburg, PA 17102

Attorneys for Appellee


OPINION OF THE COURT


ROTH, Circuit Judge:

This appeal requires us to determine whether a portion of an arbitration award should be struck down on the ground that the arbitrator exceeded the scope of his authority. Because we find that the arbitrator's response did not exceed the scope of the question presented, we will affirm the district court's decision upholding the arbitration award.

I.

The facts of the case are undisputed. On or about February 7, 1992, United Parcel Service ("UPS") discharged Thomas Varish for poor work performance. Thereafter, the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers, Local Union No. 430 (the "Union") filed a grievance on behalf of Varish under the procedures set forth in the parties' collective bargaining agreement (the "Agreement"). After UPS and the Union were unable to reach an accord with respect to Varish's discharge, the parties submitted the dispute to the Central

Pennsylvania Area Parcel Grievance Committee (the "Joint Panel" or "Panel")[1], as required by the Agreement.

At the hearing before the Joint Panel, the Union representative presenting Varish's case raised a Point of Order challenging UPS's attempt to introduce into evidence notations of informal disciplinary actions previously taken against Varish. These informal actions are typically referred to as "talk-with's" and "talk-to's," which are verbal reprimands or comments, or "write-up's," which are written records of reprimands or comments.[2]  The Panel considered the Point of Order, but could not resolve the issue.  Accordingly, the Panel issued the following decision:

> A Point of Order was raised and Executive Session was called.  The Panel deadlocked on the Point of Order. The question is whether [UPS] may enter into the record, "talk-with's," "talk-to's" or "write-up's" which [sic] the Union had no prior knowledge.

As required by the parties' Agreement, the parties submitted the Point of Order to an arbitrator.  After hearing two days of testimony and reviewing post-arbitration briefs,

---

[1] The Joint Panel is composed of equal numbers of UPS and Union representatives.  The Union representatives cannot be from the local Union involved in the dispute, and the UPS representatives cannot be from the UPS district involved in the dispute.  Thus, the local Union and UPS district present their cases to a disinterested panel. Appendix ("App.") at 77.

[2] For the purposes of this opinion, we will refer to all three categories of informal actions as "talk-to's."

Arbitrator Eli Rock rendered an award and opinion in this matter.

The two paragraph award reads as follows:

> 1.   On the <u>general</u> question of the admissibility of talk-to's and the like before the Joint Panel where the Union members object, the ruling is that such material may not be admitted over the objection of the Union members.

> 2.   In the present particular case involving employee Varish, and limited to the present submission to arbitration, the disputed material may be admitted.

In his memorandum detailing his decision, Arbitrator Rock explained his analytical process as follows:

> Addressing myself to [the Point of Order], it appears to me that I have no choice, in this case but to break down the issue into the broader and <u>general</u> question of [UPS]'s right to introduce "talk-with's" and the like over the Union's objections, and <u>secondly</u> [UPS]'s right to do so in the present specific case, involving grievant Tom Varish.

App. at 59.  In the context of the question presented, <u>i.e.</u>, the admissibility of talk-to's of which the Union had no prior knowledge, the arbitrator, in making his first "general" ruling, gave "significant weight" to the past practice of the parties. He found it to be "<u>completely</u> clear . . . that where the Union members have opposed the admission of `talk-to's,' and have stuck to that position, such items have <u>not</u> been entered in the record." (<u>Id</u>. at 60).[3]  In regard to this particular case,

---

[3]Some confusion exists in the record concerning the scope of Arbitrator Rock's award.  This confusion arises because, in the decision accompanying the arbitrator's award, Arbitrator Rock references objections raised by "Union panel members."  <u>See</u> App. 60-61.   However, the question presented to the Arbitrator involved objections raised by Union members, not Union panel

however, the arbitrator determined that both Varish and the Union had had prior knowledge of the talk-to's. Id. at 61. The arbitrator found therefore in his second paragraph that the talk-to's here should have been admitted.

UPS sought to vacate paragraph one of the arbitrator's award, arguing that the arbitrator exceeded the contractual limitations on his authority by ruling on an issue not submitted for arbitration and by altering the parties' underlying Agreement.[4] The parties filed cross-motions for summary judgment, and the district court entered an order granting the Union's motion and denying UPS's. This appeal followed.[5]

---

members. Because the arbitrator's decision and award must be considered in light of the question presented, and because the award itself is free from any ambiguity in language, we find that the arbitrator's award properly addressed objections raised by Union members.

[4]It should be noted that the parties have not appealed the arbitrator's second finding, namely that, in Varish's specific case, the disputed material was admissible.

[5]On appeal, UPS also raises, for the first time, a public policy challenge to paragraph one of the arbitrator's award. It is the general rule that issues raised for the first time at the appellate level will not be reviewed. See, e.g., Singleton v. Wulff, 428 U.S. 106, 120 (1976); Hormel v. Helvering, 312 U.S. 552, 556 (1941). Even were this Court to exercise its discretion and reach the issue, however, UPS's public policy challenge to paragraph one would clearly fail.
    Although a court may refuse to enforce an arbitrator's interpretation of a collective bargaining agreement if the interpretation "explicitly conflict[s] with well-defined, dominant public policy," Stroehmann Bakeries, Inc. v. Local 776, International Brotherhood of Teamsters, 969 F.2d 1436, 1441 (3d Cir.), cert. denied, 113 S.Ct. 660 (1992), UPS fails to articulate a well-defined public policy violated by paragraph one of the award, particularly when the award is interpreted, as we

## II.

We exercise plenary review of the district court's decision resolving cross-motions for summary judgment.  See Stroehmann Bakeries, Inc. v. Local 776, International Brotherhood of Teamsters, 969 F.2d 1436, 1440 (3d Cir. 1992), cert. denied, 113 S.Ct. 660 (1992).

## III.

It is well settled that courts have limited power to review a labor arbitrator's award.  Where, as here, the parties' collective bargaining agreement provides for binding arbitration in grievance proceedings, courts are not authorized to reconsider the merits of an arbitrator's award.  A contrary rule would undermine the federal policy which favors settling labor disputes through arbitration.  See United Paperworkers International Union v. Misco, Inc., 484 U.S. 29, 36 (1987); United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 596 (1960).  Therefore, an arbitrator's award will be upheld so long as it "draws its essence from the collective bargaining agreement," Misco, 484 U.S. at 36; Enterprise Wheel, 363 U.S. at 597, unless the award is tainted by fraud or bias or addresses matters outside the arbitrator's authority.  High Concrete Structures, Inc. v. United Electrical, Radio & Machine Workers, Local 166, 879 F.2d 1215, 1218 (3d Cir. 1989); see also Mobil Oil

---

do here, to exclude only talk-to's about which the Union had no prior knowledge.

<u>Corp. v. Independent Oil Workers Union</u>, 679 F.2d 299, 302 (3d Cir. 1982) ("[A]n arbitrator must not exceed his authority and dispense his own brand of industrial justice.").

UPS raises two intertwined issues in its appeal: that paragraph one of the arbitrator's award exceeds the scope of his authority and that it does not draw its essence from the parties' collective bargaining agreement.[6] UPS argues that we should not uphold paragraph one of the award because the arbitrator failed to confine his inquiry to the "grievance coming before him," namely the admissibility of talk-to's about which the Union had no prior knowledge. In UPS's view, paragraph one of the award holds that all talk-to's, regardless of whether the Union had prior knowledge, may not be admitted over the objection of the Union members.

In support of this interpretation, UPS cites two passages contained in Arbitrator Rock's memorandum accompanying the arbitration award. First, UPS points to a passage in which Arbitrator Rock states that "[t]he Union panel members could in a specific future case simply object to the introduction of `talk-

_____

[6]Under Article 48, Section 2 of the parties' Agreement:

> The arbitrator shall have the authority to apply the provisions of this Agreement, and <u>to render a decision on any grievance coming before him</u>, but shall not have the authority to amend or modify this Agreement or establish new terms and conditions under this Agreement.

> (emphasis added).

to's' as such, without regard to the prior processing or handling of such material, and given the above past practice [of the Joint Panel] and the weight that I have given to it, this would be sufficient to bar the introduction of such material." App. at 61. UPS argues that, in using this language, the arbitrator ruled on the admissibility of all talk-to's, whether or not the Union had had prior knowledge of them, and therefore the arbitrator exceeded the scope of his authority.

UPS also points to references in Arbitrator Rock's memorandum to objections raised by "Union panel members" (App. at 60-61) as evidence that the arbitrator exceeded his authority. UPS properly contends that the question presented to Arbitrator Rock did not involve objections raised by union panel members, but rather by union members appearing before the panel.[7]

A review of Arbitrator Rock's award, however, persuades us that the award did not exceed the scope of his authority and that thereby, pursuant to Article 48, Section 2 of the parties' agreement, the award drew its essence from the agreement. To begin with, it is crucial to consider the arbitrator's award in light of the question presented. Accordingly the arbitrator's award should be read to address only those talk-to's of which the Union did not have prior knowledge and only those objections raised by Union members.

---

[7]See footnote 3, supra.

Additionally, UPS's interpretation of paragraph one of the award is not suggested by the language of the award itself. In drawing the inference that paragraph one exceeds the scope of the question presented, UPS relies solely upon the language contained in the arbitrator's accompanying opinion.  The Supreme Court, however, has clearly held that ambiguity in an opinion accompanying an award is not a reason for determining that an award is unenforceable as beyond the scope of the arbitrator's authority.  United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 598 (1960).  Instead, when an award does not apparently exceed the scope of the parties' submission, it will be affirmed, regardless of inferences that may be drawn from the accompanying opinion.  Id.  Such an award will, of course, be enforceable only to the extent it does not exceed the scope of the parties' submission.  Thus, given two reasonable interpretations of the award, only that which is within the authority of the arbitrator will be enforceable.

In the instant case, the arbitrator's award, on its face, does not contain any language indicating that it extends beyond the scope of the question presented.  Rather, paragraph one is logically read as a direct response to the parties' submission, pertaining only to talk-to's about which the Union had no prior knowledge.[8]  Accordingly, the award is not beyond

_____

[8]Not only is this a logical reading of the award, but it is also a preferable reading insofar as it eliminates the inherent contradiction found in the parties' suggested reading of the award.  Specifically, if paragraph one of the award were read to

the scope of the arbitrator's authority under the parties'
Agreement.

The judgment of March 24, 1994, will be affirmed.


RE:  UNITED PARCEL SERVICE, INC. APPELLANT v. INTERNATIONAL
BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS,
LOCAL UNION NO. 430, APPELLEE, No. 94-7224


ROSENN, Circuit Judge, Dissenting.

This appeal stems from an arbitration proceeding held
in response to a specific submission by the parties.  The
submission simply asked the arbitrator to decide a procedural
question relating to the admissibility of notations of prior
informal disciplinary actions ("talk to's") taken against a
discharged employee at a hearing before a joint mediation panel
considering the discharge of that employee.  The submission by
the Joint Panel asked "whether the Company may enter into the
record [before the Panel] 'talk-withs,' 'talk-to's' or 'write-
ups' which [sic] the Union had no prior knowledge."  (Emphasis
added).

The arbitrator decided that "[i]n the present
particular case . . . and limited to the present submission to

mean that all talk-to's are inadmissible upon the Union's
objection, paragraph two's holding that the talk-to's in the
present case are admissible would be rendered illogical and
inconsistent.

arbitration, the disputed material may be admitted."  The
arbitrator concluded that the Union had had prior knowledge of
the talk-to's and that therefore, they were admissible.  The
Union's prior knowledge was critical to the arbitrator's decision
because it was an integral part of the issue submitted for
arbitration.  The parties do not dispute the disposition of the
specific submission.

The arbitrator, however, captiously decided another
question that was neither submitted nor authorized, paragraph one
of his award.  That paragraph provided:

> 1.   On the general question of admissibility
> of talk-to's and the like before the Joint
> Panel where the Union members object, the
> ruling is that such material may not be
> admitted over the objection of the Union
> members.

This conflicts with paragraph two,[9] exceeds the scope
of the submission and does not draw its essence from the parties
collective bargaining agreement.  Thus, I believe that paragraph
one of the arbitrator's award must be vacated, the judgment of
the district court reversed, and the case remanded to the

---

[9]Paragraph two's finding that the talk-to's are admissible
makes no sense in light of paragraph one's conclusion that talk-
to's are never admissible if the Union objects.  Judge Roth cites
this inconsistency as support for her conclusion that paragraph
one refers only to talk-to's which the Union does not know about
prior to the hearing.
    I believe that the plain language of these two paragraphs
reveals an inherent inconsistency and that the only way to
eliminate that inconsistency is to vacate paragraph one.

district court with directions to enter summary judgment on behalf of the appellant.  I therefore respectfully dissent.

                                    I.

        In paragraph one, the arbitrator plainly states that talk-to's are never admissible over the Union member's objection. The district court,[10] UPS and the Union all read paragraph one to apply to all talk-to's, regardless of Union knowledge, and so do I.  The majority states that a broad "interpretation of paragraph one of the award is not suggested by the language of the award itself." (Maj. Op. at 8).  However, paragraph one's clear statement that "[talk-to's] may not be admitted over the objection of the Union members" supports this interpretation. Paragraph one makes no reference to Union knowledge or lack thereof; it directs a broad prohibition.

        The arbitrator's opinion eliminates any doubt that paragraph one may be limited to cases of Union ignorance when it states: "The Union panel members could in a specific future case simply object to the introduction of `talk-to's' as such, without regard to the prior processing or handling of such material, and . . . this would be sufficient to bar the introduction of such material." App. at 61.  The majority quotes this language, states that it is ambiguous and concludes that "when an award does not apparently exceed the scope of the parties' submission, it will

_____

        [10]Specifically, the district court characterized paragraph one as saying, "that `talk-to's' are never admissible if the Union objects."Opn. at 8.

be affirmed, regardless of inferences that may be drawn from the accompanying opinion." Maj. Op. at 8 (citing United Steelworkers of Am., 363 U.S. at 598). However, paragraph one, as read by the district court, the parties, and me, facially exceeds the scope of the parties' submission. Thus, the majority cannot simply dismiss the language in the arbitrator's opinion which supports a broad reading of paragraph one as being ambiguous.

The district court upheld paragraph one, despite concluding that paragraph one encompassed all talk-to's, regardless of Union knowledge. It concluded that the submission was not limited to situations where the Union was ignorant of the talk-to's and that therefore, paragraph one did not exceed the scope of the submission. The majority turns the district court's reasoning on its head. It rejects the district court's broad reading of the submission, as I believe it must. However, it upholds the award because it baldly assumes that paragraph one only applies to situations where the Union is ignorant of talk-to's prior to the hearing.

The majority supports its holding by assuming that the arbitrator's award addresses "only those talk-to's of which the Union did not have prior knowledge . . ." because that was the only issue submitted for arbitration. Maj. Op. at 8. It seems to me that this reasoning is circular. The majority states that the award cannot exceed the submission because the submission is narrow and therefore that this court must assume that the award

is narrow. The majority justifies ignoring paragraph one's language and the arbitrator's opinion by making an unwarranted assumption. The majority offers no authority for assuming that paragraph one is narrow, nor does it explain why the district court's, the Union's and UPS's broad reading of paragraph one is incorrect. The majority concludes that:

> the arbitrator's award, on its face, does not contain any language indicating that it extends beyond the scope of the question presented. Rather paragraph one is logically read as a direct response to the parties' submission, pertaining only to talk-to's about which the Union had no prior knowledge.

Maj. Op. at 8-9.

But where is the logic? The majority offers no support for its "logical" conclusion. To the majority, it is logical only because of its unwarranted assumptions. I believe that, contrary to the majority's "logical" reading, paragraph one of the arbitrator's award broadly rules against the admission of talk-to's. It therefore exceeds the scope of the issue submitted for arbitration, serves no useful purpose, and is wholly unnecessary to the unchallenged disposition of the issue submitted for arbitration.

## II.

The majority correctly notes that an arbitrator's award will be upheld so long as it draws its essence from the collective bargaining agreement unless the award is tainted by fraud or bias or addresses matters outside the arbitrator's

authority.  The majority concludes that pragraph one of the award draws its essence from the parties' collective bargaining agreement and therefore, upholds it. I respectfully disagree.

The arbitrator does not satisfactorily explain why he needed to make paragraph one's broad ruling.  The specific limits of the submission and the conflict between paragraphs one and two of his award belie his claim that it was necessary to resolve paragraph one before he could resolve paragraph two.

Under paragraph one of the award, a single Union member would have the right to bar evidence submitted at a hearing. This is contrary to the rules of procedure established under the basic collective bargaining agreement between the parties.  The 1990-93 National Master United Parcel Services Agreement and the Central Pennsylvania Supplement provides that a hearing panel will be composed of four members, two appointed by the Union, and two appointed by UPS and that the panel's majority decision will bind the parties.  The members of this joint Union and company panel sit as neutrals and attempt to equitably resolve disputes. In creating the panel, the parties struck an even balance of power with management and the Union having equal representation. Under this system, decisions are made upon majority vote, or if deadlocked are sent to an outside arbitrator for resolution. The essence of the panel structure under the agreement is that panel decisions are by majority vote.

Article 48 of the parties' collective bargaining agreement specifically prohibits an arbitrator from modifying that agreement.[11]  By allowing a single Union member to bar evidence from a proceeding, the arbitrator has overturned the majority concept of the panel structure and fundamentally altered the parties' agreement.  The parties bargained for equal power on the panel.  Paragraph one of the arbitrator's award shifts the balance of power towards the Union and upsets the parties' bargained-for equality.  In so doing, the arbitrator's decision has the potential to undermine the parties' entire grievance and arbitration procedure.

Paragraph one of the arbitrator's award violates the essence of the parties' collective bargaining agreement by depriving the parties of their contractual right to have an arbitrator resolve deadlocks on evidentiary disputes over the admissibility of "talk-to's."  Accordingly, this court should reverse the district court's decision and remand with directions to enter summary judgment on UPS's behalf.

III.

Instead of putting to rest a simple procedural issue, the arbitrator has unilaterally raised questions that have the potential to generate labor unrest between the parties.

---

[11]Article 48, § 2 of the basic collective bargaining agreement provides in pertinent part that an arbitrator "shall not have the authority to amend or modify this Agreement or establish new terms . . . under the Agreement."

Paragraph one of the arbitrator's award exceeds the scope of the submission, violates the essences of the parties' collective bargaining agreement and should be vacated.[12]  I therefore respectfully dissent.

---

[12]The appellant on appeal also contends that paragraph one of the arbitrator's award should be vacated because it violates "a well-defined dominant public policy."  I see no need to reach that issue and I therefore do not discuss it.