INTERNATIONAL ASSOCIATION OF
MACHINISTS AND AEROSPACE
WORKERS, AFL–CIO, Plaintiff

v.

ESSO STANDARD OIL CO. (PUERTO
RICO), Defendant.

Civ. No. 95–1067CCC.

United States District Court,
D. Puerto Rico.

Dec. 12, 1995.

Luis F. Padilla, for Plaintiff.

Migdalia Davila–Garcia, for Defendant.

## ORDER

CEREZO, Chief Judge.

This action to vacate an arbitration award is before us on cross motions for summary judgment (**docket entries 6 and 9**). The parties stipulated the following question for arbitration:

"Whether the Company violated the collective bargaining agreement by having Mr. Israel Santiago performing work that falls within the duties and responsibilities of the Office of Technician Classification? If so, what is the remedy."

After delineating the factual situation that gave rise to the grievance, the arbitrator issued his decision, the first paragraph of which reads as follows:

There is no violation of the bargaining unit work provision of the law and the labor agreement in the work done by the Company Dispatcher in the *regular* course of business.

(Emphasis in original.) Finding no violation, the arbitrator went on, however, to fashion what the union considers to be a remedy. The union has brought this suit alleging that the entire award should be set aside because the arbitrator acted *ultra vires* in directing that the one position be reclassified and that the whole scheme which gave rise to the dispute be evaluated and changed as necessary. The arbitrator used verbs such as *will* and *shall.*

Esso, on the other hand, would have us interpret the remaining paragraphs as dicta, a suggestion to be followed or not.

46

The standard of review in arbitration cases is generally extremely narrow. *NCR Corporation v. Sac–Co., Inc.*, 43 F.3d 1076, 1079 (6th Cir.1995). That the court is convinced that the arbitrator committed serious error does not suffice to overturn his decision. *Id.* The Supreme Court has clearly held that ambiguity in an opinion accompanying an award is not a reason for determining that an award is unenforceable as beyond the scope of the arbitrator's authority. *United Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 598, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960).

The arbitration award is enforceable only to the extent that it does not exceed the scope of the parties' submission. *United Parcel Service, Inc. v. International Brotherhood Local No. 430*, 55 F.3d 138, 142 (3rd Cir.1995). When an arbitration award does not apparently exceed the scope of the parties' submission, it will be affirmed, regardless of the inferences that may be drawn from the accompanying opinion. *Id.* Thus, given two reasonable interpretations of the award, only that which is within the authority of the arbitrator will be enforceable. *Id.*

The arbitrator's statement finding no violation is clear and unambiguous. "There [was] no violation of the bargaining unit work provision of the law and the labor agreement...." There being no violation, there is no need for a remedy as such. Thus, we adopt the interpretation of the award that supports it and find that, notwithstanding the verbs used, the remainder in issue is dicta. Given that the facts which came to light in the hearing suggest a problem capable of occurring again, it is not surprising that the arbitrator fashioned what could be called a preventive measure to evaluate and restructure the pay of one position, and study and implement a method to avoid, in the future, the situation that gave rise to the grievance.

Accordingly, the Union's motion is DENIED and ESSO's motion is GRANTED. Judgment will enter confirming the award.

SO ORDERED.