

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-26-2008

# Corral v. Samuels

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2444

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Corral v. Samuels" (2008). *2008 Decisions*. Paper 475.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/475

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-276                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2444
_____

PABLO FAVELA CORRAL,

Appellant

v.

CHARLES SAMUELS, WARDEN; ANTHONY BOYCE; DHO; HARRELL WATTS,
ADMINISTRATOR, NATIONAL INMATE APPEALS; SCOTT DODRILL,
REGIONAL DIRECTOR, NORTHEAST REGION BUREAU OF PRISONS

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 07-2779)
District Judge:  Honorable Jerome B. Simandle

_____

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P.
10.6
August 14, 2008

Before: MCKEE, RENDELL and SMITH, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  September 26, 2008)
_____

OPINION
_____

PER CURIAM

Pablo Favela Corral, a pro se prisoner incarcerated at FCI-Fort Dix, appeals an

order of the District Court dismissing his petition for writ of habeas corpus, which he

filed pursuant to 28 U.S.C. § 2241. Appellees, officials at the Bureau of Prisons ("BOP"), have filed a motion for summary affirmance. We will grant the motion.

In his habeas petition, Corral asserts that BOP officials wrongfully charged him with three disciplinary violations (threatening another with bodily harm, insolence towards staff, and using obscene/abusive language) and that the Disciplinary Hearing Officer ("DHO") wrongfully sanctioned him for these violations. As a result of the sanction imposed, Corral lost 27 days of good time credit and a number of privileges. He challenges the loss of good time credits in this habeas petition.

Corral, who speaks only Spanish, asserts that BOP officials denied him due process by failing to obtain an independent translation of his statement to the officer who filed the charges against him. Corral contends that, if properly translated, his remarks would not support the charges against him. Relying on a staff member's translation of Corral's statement, the DHO determined that Corral had said the following: "Why are you f-ing with me. I am going to write your ass up Mother F-er. You will see what is going to happen to you later[,] punk." Corral insists that his statement contained no obscenity, and that, properly translated, said, "Why do you harass me? I'm going to write you up cuckhold; I'm tired of this foolishness[,] you'll see later what happens." The District Court determined that Corral's own translation of his statement could be construed as a threat, based upon the language used and Corral's concession that he raised his voice when speaking to the BOP official. Because there was some evidence to support the

2

disciplinary decision regardless of the translation credited, the District Court dismissed the habeas petition.

We have jurisdiction pursuant to 28 U.S.C. § 1291. A prison disciplinary determination comports with due process if it is based on some evidence. Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454-56 (1985) ("[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board."). Considering Corral's own translation of his statement, we agree that the DHO's decision was based on some evidence. Corral conceded that he raised his voice and told the officer, "Why do you harass me? I'm going to write you up cuckhold; I'm tired of this foolishness[,] you'll see later what happens." Spoken in a loud tone, this statement is adequate to support a finding that Corral had made a threat to an officer and that he had exhibited insolence. Corral's use of the term "cuckhold" can be considered abusive language. Under these circumstances, the DHO's decision was adequately supported and comported with due process under Hill.

As this appeal presents no substantial question, we will grant appellee's motion for summary affirmance. See 3d Cir. L.A.R. 27.4 and 3d Cir. I.O.P. 10.6.[1]

---

[1]Appellant also raises a number of arguments for the first time on appeal: that he was not permitted to call witnesses at his disciplinary hearing, that he was not permitted to show video surveillance footage of his interaction with BOP officials, and that the appropriate punishment for obscene speech under BOP regulations is the revocation of certain privileges, not the loss of good time credits. As appellant failed to timely raise these arguments, they are waived. United Parcel Service v. Int'l Broth. of Teamsters, Local No. 430, 55 F.3d 138, 140 n. 5 (3d Cir. 1995).