**The FICKS REED COMPANY,
Plaintiff–Appellee,**

v.

**LOCAL UNION 112 OF the INTERNATIONAL UNION, ALLIED INDUSTRIAL WORKERS OF AMERICA, AFL–CIO, and International Union, Allied Industrial Workers of America, Defendants–Appellants.**

**No. 91–3777.**

United States Court of Appeals,
Sixth Circuit.

Argued May 4, 1992.

Decided June 3, 1992.

Matthew R. Robbins (argued and briefed), Previant, Goldberg, Uelman, Gratz, Miller & Brueggeman, Milwaukee, Wis., Robert I. Doggett, Cincinnati, Ohio, for defendants-appellants.

Before: KENNEDY and SUHRHEINRICH, Circuit Judges, and BERTELSMAN, Chief District Judge.*

KENNEDY, Circuit Judge.

Local Union 112 of the International Union, Allied Industrial Workers of America, AFL–CIO (the "Union") appeals the order of the District Court granting summary judgment in favor of plaintiff, The Ficks Reed Company ("Ficks Reed"), and vacating the award of the labor arbitrator. *Ficks Reed Co. v. Local 112 Intern. Union*, 771 F.Supp. 208 (S.D.Ohio 1991). For the following reasons, we AFFIRM.

## I.

Ficks Reed is an Ohio corporation engaged in the business of manufacturing wicker and rattan furniture and cabinets. The Union represents persons employed by Ficks Reed. The Union and Ficks Reed are parties to a collective bargaining agreement.

On September 30, 1989, the collective bargaining agreement between the parties expired. On November 4, 1989, the Union went on strike to compel Ficks Reed to accede to its bargaining demands. During the strike, Ficks Reed hired twenty-eight replacement workers.

On November 14, 1989, the Union accepted a proposal made by Ficks Reed entitled "Strike Replacements/Preferential Hiring of Strikers" ("Strike Replacements Agreement"). On the same date, the Union accepted a new contract (the "Contract") with Ficks Reed. Ficks Reed did not sign the Contract until August 29, 1990, but the District Court found that the Contract became effective on November 14, 1989.

Donald C. Dowling, Jr., Thomas A. Brennan (argued and briefed), Graydon, Head & Ritchey, Cincinnati, Ohio, for plaintiff-appellee.

* The Honorable William O. Bertelsman, Chief Judge, United States District Court for the East-ern District of Kentucky, sitting by designation.

The strike ended on November 14, 1989. Between November 16–22, 1989, the Union filed grievances on behalf of fifteen persons that Ficks Reed did not rehire. Pursuant to the terms of the Contract, the grievances were submitted to an arbitrator. The arbitrator found in favor of the Union. The arbitrator determined that the twenty-eight replacement employees were trainees, and that training more than five replacements violated the Contract. The arbitrator ordered Ficks Reed to recall all striking workers except the five with the least seniority.

Ficks Reed filed this action in the District Court pursuant to Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185, seeking an order vacating the arbitrator's award. The District Court found that the Strike Replacements Agreement and the Contract formed the collective bargaining agreement. The District Court determined that the arbitrator ignored the Strike Replacements Agreement, which directly addressed replacement workers and Ficks Reed's obligation to recall striking workers. The District Court found that the arbitrator's award did not draw its essence from the collective bargaining agreement and conflicted with the express terms of the collective bargaining agreement. Therefore, the District Court granted summary judgment in favor of Ficks Reed.

## II.

We review a grant of summary judgment *de novo*, making all reasonable inferences in favor of the non-moving party. *EEOC v. University of Detroit*, 904 F.2d 331, 332 (6th Cir.1990). Summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to summary judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986).

In *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987), the Supreme Court reaffirmed the principle that courts play only a limited role in reviewing the decision of an arbitrator. A court is limited to determining whether a party seeking arbitration is making a claim which is governed by the contract. *Id.* at 37, 108 S.Ct. at 370. "As long as the arbitrator's award 'draws its essence from the collective bargaining agreement,' ... the award is legitimate." *Id.* at 36, 108 S.Ct. at 369 (quoting *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960)). An award fails to derive its essence from the collective bargaining agreement when it conflicts with express terms of the agreement. *Cement Divisions, Nat'l Gypsum Co. (Huron) v. United Steelworkers of America, AFL–CIO–CLC, Local 135*, 793 F.2d 759, 766 (6th Cir.1986).

The District Court found that the Strike Replacements Agreement and the Contract collectively form the collective bargaining agreement because they were both ratified by the Union at the November 14, 1989 meeting. We agree. There is no express language in the Contract which suggests that the Contract supersedes the Strike Replacements Agreement. The Union argues that the Contract's integration clause established the parties' intent that the Contract embody all their agreements and understandings. Article 15, § 3 states:

[D]uring the negotiations, which resulted in this Agreement, each [party] had the unlimited right and opportunity to make demands and proposals with respect to any subject or matter not removed by law from the area of collective bargaining, and that the understanding and agreements arrived at by the parties after the exercise of that right and opportunity are set forth in this Agreement. Therefore, the Company and the Union ... shall not be obligated to bargain collectively with respect to any subject or matter referred to, or covered in this Agreement.

Thus, the Contract was an exclusive agreement on all matters covered by the Contract. The Contract did not provide for replacement of striking workers or any obligation to recall workers after a strike. The Strike Replacements Agreement,

which became effective on the same day as the Contract, does contain provisions which directly address the parties' dispute concerning the recall of striking workers. Accordingly, we find that the Strike Replacements Agreement is part of the collective bargaining agreement.

We further find that the arbitrator's award conflicts with the express terms of the Strike Replacements Agreement. The Strike Replacements Agreement states that all employees hired as replacements would remain employed by Ficks Reed unless otherwise terminated, and that striking employees would be placed on a preferential hiring list and would be recalled from this list as needed on the basis of job classification and in the order of their seniority. Contrary to this language, the arbitrator required Ficks Reed to recall all striking workers except the five with the least seniority. The arbitrator determined that Ficks Reed had violated the Contract because he found the twenty-eight replacement workers were trainees, in violation of the Contract Article 3, § 5, which limited to five the number of employees who could be trained for new positions at any one time. The District Court found that Article 3, § 5 applies only to training existing employees with seniority, and that this limitation would not apply to replacement workers. However, we do not review the arbitrator's interpretation of the collective bargaining agreement, even if we believe the arbitrator has misread the Contract. *Misco,* 484 U.S. at 38, 108 S.Ct. at 370. This Court's review of the arbitrator's award is limited to determining whether the arbitrator was arguably construing the collective bargaining agreement. *Id.* We find that the arbitrator failed to apply the collective bargaining agreement because he ignored the applicable language in the Strike Replacements Agreement. Because the arbitrator's award fails to "draw its essence from the contract," we have the authority to overturn the arbitrator's award. *Id.*

Accordingly, the order of the District Court vacating the arbitrator's award and granting summary judgment in favor of Ficks Reed is AFFIRMED.