RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0172P (6th Cir.)
File Name: 03a0172p.06

# UNITED STATES COURT OF APPEALS

### FOR THE SIXTH CIRCUIT

———————————

NATIONWIDE MUTUAL
INSURANCE COMPANY,
   *Plaintiff-Appellee,*

   *v.*

HOME INSURANCE COMPANY,
   *Defendant-Appellant.*

No. 01-4200

Appeal from the United States District Court
for the Southern District of Ohio at Columbus.
No. 00-00853—Edmund A. Sargus, Jr., District Judge.

Argued: May 8, 2003

Decided and Filed: June 3, 2003

Before: KENNEDY, SILER, and GILMAN, Circuit
Judges.

———————————

**COUNSEL**

**ARGUED:** Philip J. Loree, CADWALADER,
WICKERSHAM & TAFT, New York, New York, for
Appellant. Michael L. Cohen, COHEN & BUCKLEY,
Baltimore, Maryland, for Appellee. **ON BRIEF:** Philip J.
Loree, Clifford H. Schoenberg, CADWALADER,

WICKERSHAM & TAFT, New York, New York, Gerald P.
Ferguson, VORYS, SATER, SEYMOUR & PEASE,
Columbus, Ohio, for Appellant. Michael L. Cohen, COHEN
& BUCKLEY, Baltimore, Maryland, Randolph Carson
Wiseman, Stephen C. Gray, BRICKER & ECKLER,
Columbus, Ohio, for Appellee.

———————————

**OPINION**

———————————

KENNEDY, Circuit Judge. Defendant-Appellant Home
Insurance Company ("Home") appeals from the district
court's order vacating an award issued by the arbitration panel
in Home's on-going dispute with Plaintiff-Appellee
Nationwide Mutual Insurance Company ("Nationwide").

**I.**

In 1977, Nationwide and Home entered into a reinsurance
contract, under which Home agreed to cover all of
Nationwide's obligations to a particular insurance pool ("the
Rutty pool"). The contract contained a broad arbitration
clause. In 1983, CIGNA entered into an assumption contract
with Home, whereby CIGNA purchased all of Home's
interests in the reinsurance contract with Nationwide.

In 1995, Nationwide filed a civil suit in federal court
against both Home and CIGNA, alleging that Home failed to
perform under the reinsurance contract. The district court
ordered that the matter be arbitrated pursuant to the terms of
the contract. *Nationwide Mutual Ins. Co. v. Home Ins. Co.*,
Case No. C2-95-CV-880. The Sixth Circuit reversed this
order as to CIGNA, holding that Nationwide could not
compel CIGNA to submit to arbitration, and that Nationwide
had no direct claim against CIGNA. *Nationwide Mutual Ins.
Co. v. Home Ins. Co.*, 150 F.3d 545 (6th Cir. 1998)
(*Nationwide I*).

The arbitration proceeded between Nationwide and Home. After the panel made a few awards, most of which were unfavorable to Home, Home challenged the panel as biased, and the panel resigned. Although arbitration with a second panel was still on-going, Nationwide and Home asked the district court to confirm or vacate some of the orders issued by both panels. The district court initially ruled that the parties' motions were premature, but it later reconsidered and ruled on several of the panel's orders. *Nationwide Mutual Ins. Co v. Home Ins. Co.*, 90 F. Supp. 2d 893 (S.D. Ohio 2000). This included a ruling rejecting Home's allegations of bias against the first panel. *Id.* at 904. The Sixth Circuit affirmed. *Nationwide Mutual Ins. Co. v. Home Ins. Co.*, 278 F.3d 621 (6th Cir. 2002) (*Nationwide II*).[1]

The second arbitration panel proceeded to address the remaining issues. On May 11, 2000, pursuant to a prior determination that Nationwide was liable to Home for 50% of Home's administrative costs relating to the Rutty pool, the panel ordered Nationwide to reimburse this amount to AISUK, the CIGNA subsidiary that actually paid the administrative costs, without application of any offsets, except with regard to Home's obligation to share

---

[1]This chapter in the history of the Nationwide-Home dispute establishes that the parties and the arbitration panel have chosen to deal with each of the panel's rulings on a piecemeal basis. Moreover, the panel stated on December 17, 1999 that any "full and final disposition of a specific, discrete issue" may be independently subjected to judicial review. Thus, the only "award" on appeal to this Court is Paragraph I(E) of the panel's May 11, 2000 order, and we may vacate or affirm it without affecting any other "award" or ruling of the arbitration panel.

Nationwide's own administrative costs.[2] The order reads as follows:

> *Nationwide's liability for 50% of administrative costs.* The prior Panel's ruling that Home is entitled [to] a 50% reimbursement in relation to administration costs means that Nationwide must reimburse AISUK or CSUK for 50% of all administrative costs paid on behalf of Home from the time of Rutty's demise to date and hereafter without application of any offset by Nationwide save in respect of 50% of any such administrative costs paid by Nationwide. Home's billings to Nationwide must be accompanied by full and appropriate documentation, and any disagreement concerning the billing or documentation may be referred to the Panel but only after the parties have made all possible good faith efforts to resolve the matter themselves.

On July 31, 2000, Nationwide filed a suit in district court to vacate this award. The district court granted Nationwide's motion in part and denied it in part. Although the district court affirmed Nationwide's liability for 50% of Home's administrative costs, it found that the arbitration panel exceeded its authority (1) by directing that payment be made to a third party, and (2) by failing to consider Nationwide's right to offset based on other liquidated debts owed to Nationwide by Home. While this appeal was pending, Home's precarious financial situation came to a head, and Home entered into voluntary rehabilitation in the state of New Hampshire.

---

[2]The entry of AISUK into this already complicated dispute deserves explanation. CIGNA executed the assumption contract through its subsidiary, INA. INA is now Century Indemnity Insurance Company ("Century"). Century administers its obligations under the CIGNA-Home assumption contract through an agent, CSUK. CSUK is now AISUK. Thus, it appears that AISUK is the entity that actually paid the disputed costs of administering the Rutty pool.

Home appeals the district court's partial grant of Nationwide's motion, challenging the district court's findings that the arbitration panel exceeded its authority. We affirm the district court's ruling as to the payment to a third party, but hold that the district court erred in ordering the arbitration panel to further address the issue of offset rights.

## II.

A federal court may vacate an arbitration award only in very limited circumstances. Those circumstances include "where the arbitrators exceeded their powers," 9 U.S.C. § 10(a)(4), and where the arbitrators act with "manifest disregard for the law." *Dawahare v. Spencer*, 210 F.3d 666, 669 (6th Cir. 2000). The questions of whether an arbitration panel has exceeded its powers or acted with manifest disregard for the law are legal questions that we review *de novo*. *Green v. Ameritech Corp.*, 200 F.3d 967, 974 (6th Cir. 2000).

### A. Whether the Panel May Order Nationwide to Pay AISUK, a Third Party

### 1. Waiver

A party may waive its objection to the jurisdiction of the arbitrators by acquiescing in the arbitration with knowledge of the possible defect. *Order of Ry. Conductors & Brakemen & Brotherhood of R.R. Trainmen v. Clinchfield R.R. Co.*, 407 F.2d 985 (6th Cir. 1969).[3] Home argues that Nationwide consented to the arbitration panel's jurisdiction by

---

[3] The question of waiver is a mixed question of law and fact. We review any determination of underlying facts under the clearly erroneous standard of review, and make a *de novo* determination of whether those facts constitute legal waiver. *Sandler v. All Acquisitions Corp., Inc.*, 954 F.2d 382, 384-85 (6th Cir. 1992). The district court did not make any findings on the timeliness of Nationwide's objections because Home did not raise this argument until this appeal.

"voluntarily and unreservedly" submitting the question to the panel. *See Jones Dairy Farm v. Local No. P-1236*, 760 F.2d 173, 175 (7th Cir. 1985). Nationwide, however, never submitted or acquiesced in the submission of the issue of whether the panel could order Nationwide to pay a third party directly.

The party claiming waiver carries the burden of proof. *Cordrey v. Euckert*, 917 F.2d 1460, 1465 (6th Cir. 1990). In order to carry its burden, Home first points to Nationwide's argument that Home was not entitled to reimbursement because CIGNA, not Home, had paid the administrative costs associated with the Rutty pool. Nationwide raised this argument before the arbitration panel on several occasions. This does not constitute waiver. Nationwide was asking the panel to rule on whether it was obligated to pay Home at all given Nationwide's interpretation of the panel's prior order to split administrative costs. Nationwide was not asking the panel to rule on its obligations to CIGNA or its affiliates.

Second, Home points to Nationwide's failure to object to the panel's December 17, 1999 ruling that the issue of the "alleged liability of Nationwide to reimburse CSUK's administrative expenses" would be resolved in Phase III. This ruling did not put Nationwide on notice that the panel would consider ordering reimbursement directly to CSUK (now AISUK). It was merely an accurate description of the true nature of the expenses for which Nationwide might be held liable in its arbitration with Home. It was not until its order of May 1, 2000, that the panel listed the issue of which party – Home or AISUK – would receive the payment from Nationwide. At that point, Nationwide timely objected at the May 5, 2000 hearing by making clear its position that the panel could only order reimbursement to Home, if at all. We therefore find no basis for concluding that Nationwide waived its objection to the arbitration panel's jurisdiction.

## 2. Authority of the Arbitration Panel

The burden of proving that the arbitrators exceeded their authority is very great. *Federated Dep't Stores, Inc. v. J.V.B. Indus., Inc.*, 894 F.2d 862, 866 (6th Cir. 1990). "[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987).

An arbitration panel may not determine the rights or obligations of non-parties to the arbitration. *See Eljer Mfg., Inc. v. Kowin Dev. Corp.*, 14 F.3d 1250, 1256 (7th Cir. 1994); *Int'l Brotherhood of Elec. Workers, Local No. 265 v. O.K. Elec. Co.*, 793 F.2d 214, 216 (8th Cir. 1986); *Orion Shipping & Trading Co. v. Eastern States Petroleum Corp. of Panama*, 312 F.2d 299, 301 (2d Cir. 1963). In *NCR Corp. v. Sac-Co, Inc.*, 43 F.3d 1076 (6th Cir. 1995), we held that an arbitrator exceeded his authority by ordering payment of punitive damages to non-parties. In that case, the arbitrator erred by creating legal rights in the recipients of the punitive damage award, all of whom were non-parties to the arbitration. In the instant case, Home and Nationwide agree that CIGNA and its affiliate, AISUK, are non-parties to the contract and to the arbitration. Thus, the arbitration award exceeds the panel's authority.

The district court held that the arbitration award must be vacated because it is in "manifest disregard" of our holding in *Nationwide I*. An award is in manifest disregard if "(1) the applicable legal principle is clearly defined and not subject to reasonable debate; and (2) the arbitrators refused to heed that legal principle." *Dawahare v. Spencer*, 210 F.3d 666, 669 (6th Cir. 2000). In *Nationwide I*, we held that Nationwide could not bring suit directly against CIGNA, or compel CIGNA to submit to arbitration, because of a third-party disclaimer provision in the assumption contract between Home and CIGNA. We construed this disclaimer provision

as a limitation on the obligations CIGNA undertook in its assumption contract with Home. Therefore, Nationwide's only recourse was against Home, and CIGNA and its affiliates were not parties to the arbitration. *Nationwide I*, then, reinforces the clearly defined legal principle that third parties such as CIGNA and AISUK were not parties to the arbitration. The arbitration panel was conscious of both our decision in *Nationwide I* and its implications for the status of CIGNA's affiliates. To the extent that the arbitration award vests any rights in AISUK, or creates any obligation to AISUK, it is in manifest disregard for the legal principle that an arbitration panel may not assert jurisdiction over non-parties to the arbitration.

Home does not dispute this. Rather, Home argues that the conflict between *Nationwide I* and the arbitration award could be avoided by interpreting the arbitration award as creating no legal rights in AISUK, but only directing the remedy by which Nationwide must discharge its legal obligations to Home. Under this interpretation, AISUK itself would have no legal standing to collect from Nationwide. Only Home could enforce the arbitration award.

In *United Steelworkers of America v. Enterprise Wheel & Car Corporation*, 363 U.S. 593, 598 (1960), the Supreme Court held that "[a] mere ambiguity in the opinion accompanying an award, which permits the inference that the arbitrator may have exceeded his authority, is not a reason for refusing to enforce the award." Thus, if there is ambiguity in the legal meaning of an arbitration award, we will construe it in favor of upholding the award. *See also Merrill Lynch, Pierce, Fenner & Smith v. Jaros*, 70 F.3d 418, 421 (6th Cir. 1995) ("If a court can find any line of argument that is legally plausible and supports the award then it must be confirmed.").

However, it is not legally plausible to interpret the arbitration award as creating no legal rights in AISUK. The order states that "Nationwide must reimburse AISUK or

CSUK for 50% of all administrative costs paid on behalf of Home," and specifies that the amount must be determined by appropriate documentation regarding Home's costs. Although it is clear that liability stems from Nationwide's obligations to Home, the order mandates payment directly to a non-party. If the arbitration panel had intended to vest enforcement rights exclusively in Home, it would have made no sense to order payment directly to AISUK. Thus, the arbitration award unambiguously exceeds the terms of the Nationwide-Home contractual dispute, and adjudicates Home and Nationwide's relationship with a non-party, AISUK. This it may not do.[4]

### B. The District Court's Order Relating to Offsets

The preceding analysis effectively disposes of this appeal by affirming the district court's order vacating the arbitration award at issue in this case. However, the breadth of the district court's opinion compels us briefly to address the issue of offsets. In addition to finding that the panel did not have authority to order payment to AISUK, the district court also found

> that the panel exceeded their powers by directing Nationwide to make such payment without application of any offset, including liquidated debts owed by Home to Nationwide. The scope of debts subject to offset, if any, together with the mechanics of the procedure are matters to be determined by the arbitration panel. Consistent with the Order of Vacation herein issued, the panel shall further address the matter of offset in conjunction with

---

[4] In the context of the dispute over who was entitled to payment, one of the arbitrators stated: "The fact of the matter is in the real world CIGNA is a real party in interest here, and we are called upon to render commercial justice, and what you're proposing is an absurdity on its face." This statement is indicative of the panel's pragmatic, but nonetheless improper, desire to resolve the Rutty pool problem efficiently even if it meant arbitrating issues outside the scope of its mandate.

Nationwide's payment of fifty percent of the administrative costs.

This latter portion of the district court's opinion must be vacated for two reasons. First, the arbitration order plainly permits Nationwide to offset its debt to Home *only* by the administrative costs of the Rutty pool that the panel ordered Home to pay, and by no other debt. This constitutes the panel's determination of the "scope of debts" subject to offset. The district court does not have the power to order the panel to reconsider this issue, even if it finds the panel's disposition unfair or unjust. *See United Paperworkers Int'l Union v. Misco*, 484 U.S. 28, 38 (1987) (holding that "as long as the arbitrator is even arguably construing or applying the contract and acting within his scope of authority, that a court is convinced he committed serious error does not suffice to overturn his decision."). Likewise, the absence of a record of decision indicating why the panel chose to limit Nationwide's offset rights does not give the district court the power to order the panel to consider the issue again. The panel is not required to give reasons for its decisions. *See Dawahare*, 210 F.3d at 669.

Second, the district court's order is invalid to the extent that it attempts to empower the panel to consider Nationwide's offset rights with regard to *any* debt between Nationwide and Home. There is no evidence that the parties submitted any debts other than the ones relating to the Nationwide-Home reinsurance contract governing the Rutty pool, and thus the arbitration panel's authority is inherently limited to debts relating to that specific dispute. If there are any separate agreements between Home and Nationwide not before the arbitration panel, the panel has no jurisdiction over them, and thus the district court cannot order the panel to adjudicate them.[5]

---

[5] Nationwide's offset rights regarding any such external debts owed by Home would have to be adjudicated in another context, such as Home's rehabilitation action in the state of New Hampshire.

Home argues that the panel did have the right to limit Nationwide's offset rights with respect to debts external to the particular contract before the panel. Home argues that the panel's authority is based on the "honorable engagement" clause of their contract. That clause states:

> [T]he arbitrators shall interpret this Contract as an honourable engagement and not as merely a legal obligation; they are relieved of all judicial formalities and may abstain from following the strict rules of law, and they shall make their award with a view of effecting the general purpose of this contract in a reasonable manner rather than in accordance with a literal interpretation of the language.

This clause may permit the panel to abstain from following strict rules of contract interpretation (i.e., the parol evidence rule, *see Schacht v. Beacon Ins. Co.*, 742 F.2d 386, 391 (7th Cir. 1984)), but it does not give the panel the power to exceed its own jurisdiction.[6]

Thus, because the arbitration panel has jurisdiction only over debts submitted to the panel under the Nationwide-Home reinsurance contract, and not as to any other debts related to any other agreements between Nationwide and Home, the district court erred in ordering the arbitration panel to further address the matter of offsets.[7]

---

[6] The case cited by Home, *Employers Ins. of Wausau v. Nat'l Union Fire Ins. Co.*, 933 F.2d 1481 (9th Cir. 1991), is inapposite since in that case, the extent of the insurer's offset rights was itself the subject of the arbitration.

[7] At oral argument, Nationwide suggested that the panel did not have authority to consider any offset issues because the issue was never submitted to the panel. This belated assertion is obviously in error, since in its December 17, 1999 order the panel explicitly asserted its authority over offset issues, and Nationwide has not – until now – attempted to object to that assertion.

For the forgoing reasons, we AFFIRM the district court's order of vacation based on the arbitration panel's lack of jurisdiction to order payment to a third party, and REVERSE the district court's order requiring the panel to reconsider its ruling on offsets. Because we find sufficient grounds to determine that Paragraph I(E) of the arbitration panel's May 11, 2000 order exceeded the panel's authority, that award is vacated.