BEER, District Judge.
Alken-Ziegler, Incorporated, (Company) appeals from the district court’s grant of summary judgment affirming an arbitration award in favor of the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, and Local Union 985 (Union). For the following reasons, we find that, even in light of our deferential review, the arbitrator disregarded the provisions of the labor contract. Therefore, we reverse the district court’s decision and vacate the arbitration award.
*867 I
The Company and the Union were parties to a labor contract effective December 15, 1999. In March, 2001, the Company notified the Union that it would be closing its Novi plant and that it would be necessary to terminate all of the employees at the facility. As a result of the plant closing on October 17, 2001, all but one employee was terminated during the calendar year, 2001. The Company refused to pay vacationpay benefits to employees who did not work for the Company on January 1, 2002. The Union filed a grievance.
Article 16 (61) of the labor agreement sets forth the eligibility requirement for payment of vacation benefits:
(a) Employees shall be eligible for vacations, time off and vacation pay as set forth below.
(b) For purposes of eligibility, the vacation year will be considered the calendar year period from January 1st to December 31.
(c) An employee covered by the agreement who is actually working on January 1st of any year and who has at least six (6) months seniority and has' worked at least eight hundred (800) hours from and after January 1st of the previous year shall be paid the equivalent of two-and-one half (2-1/2) days vacation pay.
ijs ifc tjc %
(f) Employees with twelve (12) months or more of seniority who have worked more than eight hundred (800) hours, but less than sixteen hundred (1600) hours, during the vacation year, shall receive a pro-rated vacation pay on the basis of the ratio of their actual hours to sixteen hundred (1600) hours, but not to exceed the full vacation pay to which they were entitled by reason of their seniority and hours worked as set forth above.
(g) Vacation pay will be computed on a straight time forty (40) hour basis including applicable shift premium. The employee’s hour basis including applicable shift premium. The employee’s hourly rate in effect when vacation is taken will be used to compute vacation pay. If an employee is laid off after six (6) months service, their vacation pay will be pro-rated same as above.
Pursuant to Article 5 of the labor contract, the parties arbitrated the grievance. At the arbitration the Union asserted that because it was not the employees’ fault that they were unable to work the full year, the employees were entitled to their vacation pay. The arbitrator granted the grievance, allowing all plaintiffs, who, but for being laid off, would have been able to continue employment and thereby qualify for vacation benefits. The arbitrator reasoned that “[i]t would be unreasonable to cause such forfeitures particularly where an employee has no control over the situation.”
The Company filed a complaint in the district court asserting that the arbitrator’s award contradicted the clear, mandatory commands of the labor contract, which required that an employee be “actually working” for the Company as of January 1, 2002, to receive vacation pay. The district court granted the Union’s motion for summary judgment and upheld the arbitrator’s award. The Company appealed.
II
This court reviews a grant of summary judgment de novo. Brooks v. Am. Broadcasting Cos., Inc., 932 F.2d 495, 500 (6th Cir.1991). But, because we review an arbitrator’s decision here, our review is extremely deferential. Beacon Journal Publ’g Co. v. Akron Newspaper Guild, 114 F.3d 596, 599 (6th Cir.1997).
*868 III
While deferential, our review is “not toothless” when an arbitrator’s award disregards the explicit provisions of the contract. Id. at 599. We must vacate an award if it is based upon “ ‘general considerations of fairness and equity’ instead of the exact terms of the agreement.” Id. at 600. In this labor contract, the phrase “actually working” is unambiguous — -an employee must work on January 1 to be eligible for vacation pay. The arbitrator never gave any explanation as to why the phrase “actually working” was ambiguous. He simply concluded that the provision’s harsh effects on employees warranted a finding of ambiguity. By his own admission, he found that the provision was not met by the employees. (“... but for the employer’s actions, the employees would have become entitled to the benefit.”). His “resorting to a reference to reasonableness” in his written opinion constituted a complete disregard for the contract provisions.
The arbitrator’s responsibility was to enforce the labor contract as written. He did not. The result was the imposition of “his own brand of industrial justice.” Id. at 600; Storer Broad. Co. v. Am. Fed’n of Television and Radio Artists, 600 F.2d 45, 48 (6th Cir.1979). As such, the arbitration award cannot stand.
IV
Accordingly, we REVERSE the decision of the district court and VACATE the arbitration award.
BOGGS, Chief Judge, dissenting.