File Name: 05a0717n.06
Filed: August 17, 2005NOT RECOMMENDED FOR
FULL-TEXT PUBLICATION

No. 04-4110

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| ARMCO EMPLOYEES INDEPENDENT FEDERATION, INC. | ) ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE SOUTHERN DISTRICT OF |
| AK STEEL CORPORATION, | ) | OHIO |
| | ) | |
| Defendant-Appellant | ) | **OPINION** |

Before: BATCHELDER, GIBBONS and McKEAGUE, Circuit Judges.

McKEAGUE, Circuit Judge. Defendant-appellant, AK Steel Corp. ("AK Steel"), appeals the district court's grant of partial summary judgment in favor of Plaintiff-Appellee, Armco Employees Independent Federation ("AEIF" or the "Union"). AEIF filed this action against AK Steel to enforce an arbitration award pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. The district court granted, in part, plaintiff's motion for summary judgment on the basis that AK Steel waived the right to assert that the Arbitrator's award applied only to employees who complied with grievance procedures under the Collective Bargaining Agreement ("CBA"). For the following reasons, we reverse the district court's order granting partial summary judgment in favor of AEIF and remand for further proceedings consistent with this opinion.

### I. FACTUAL AND PROCEDURAL HISTORY

This dispute between AEIF and AK Steel arose from AK Steel's decision, effective October 1, 2001, to terminate a paid transportation program for apprentices attending training classes at Sinclair Community College in Dayton, Ohio. AK Steel provided transportation to all apprentices from its Middletown, Ohio facility to the training classes and paid for travel time for over two years prior to October 2001. AK Steel discontinued the paid transportation program in order to cut costs. This decision affected over 300 apprentices.

On or about October 1, 2001, a group of apprentices filed a grievance, Grievance No. 01-X-453, seeking reinstatement of the transportation service and paid travel time, as well as monetary damages. The CBA generally requires that grievances originate with and be signed by the employees involved. An exception applies to the processing of group grievances. Group grievances must be signed by a union representative and at least one of the aggrieved parties. Group grievances further require that "[t]he names (and check numbers) of all employees alleged to be aggrieved must be identified and submitted with the grievance at the time of the filing or appeal to Step II [of the grievance procedure]." Deviations from the group grievance procedures "must be approved by Industrial Relations." Industrial Relations did not approve any deviation here. Eighty-seven apprentices signed Grievance No. 01-X-453 and provided their check numbers on the grievance. Eighty-six apprentices signed the grievance without providing their check numbers.[1]

AEIF initiated arbitration proceedings after AK Steel denied Grievance No. 01-X-453 on February 6, 2002. The parties participated in an arbitration hearing before an Arbitrator in August 2002. After the hearing, the parties simultaneously submitted briefs on September 26, 2002. In its

---

[1] An additional 145 apprentices who attended training without paid transportation did not sign the grievance.

post-hearing brief, AEIF argued that all apprentices, including those who did not comply with grievance procedures, should be compensated for their out-of-pocket transportation expenses. On October 17, 2002, the Arbitrator issued an Opinion and Award sustaining the grievance. The Arbitrator recognized in the Opinion and Award that Grievance 01-X-453 was filed by "some of the apprentices." In issuing his award, the Arbitrator cited five provisions of the CBA. None of the provisions cited by the Arbitrator specifically govern the grievance procedure.

The Arbitrator ordered AK Steel to reinstate the paid transportation program and to "make whole all apprentices for travel time and out of pocket transportation expenses" incurred after the company terminated the transportation program. After the award, a dispute arose over whether the Arbitrator provided his award to all apprentices, or only those who complied with the grievance procedures as required by the CBA. AK Steel reinstated the transportation program for all apprentices after the Arbitrator issued his award. AK Steel paid damages to only those eighty-seven grievants who signed the grievance and provided their check numbers.

On January 28, 2003, AEIF filed suit in the district court against AK Steel requesting that the court enforce the Arbitrator's Opinion and Award. On December 3, 2003, the parties filed cross motions for summary judgment. On August 3, 2004, the district court entered an order and judgment denying AK Steel's motion for summary judgment and granting in part and denying in part AEIF's motion for summary judgment. The district court held that AK Steel failed to raise the issue of compliance with the CBA group grievance procedures to the Arbitrator, that it was foreseeable that the Arbitrator might award monetary relief to all apprentices if he sustained Grievance No. 01-X-453, and therefore, AK Steel had waived its objection. The district court ordered AK Steel to "make whole all apprentices for travel time and out of pocket transportation

expenses, including but not limited to mileage, gas and parking expenses incurred after the 1 October 2001 termination of the Company provided and paid transportation." AK Steel instituted this appeal on August 8, 2004.

## II. STANDARD OF REVIEW

We review a district court's denial and grant of summary judgment in labor arbitration cases *de novo*. *Monroe Auto Equip. Co. v. Int'l Union, UAW*, 981 F.2d 261, 265 (6th Cir. 1992). Our scope of review, however, is extremely limited. *Id*. The arbitrator's award must draw its essence from the contract and cannot simply reflect the arbitrator's own notions of industrial justice. *See id*. at 265-67. "[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29 (1987). The question of waiver is one of mixed law and fact. *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 330 F.3d 843, 846 n.3 (6th Cir. 2003). Here, where the underlying facts are not in dispute, all issues are reviewed *de novo*. *See Sandler v. AII Acquisition Corp.*, 954 F.2d 382, 385 (6th Cir. 1992).

## III. DISCUSSION

**A. The district court erred in enforcing an interpretation of the Arbitrator's award that exceeded the Arbitrator's authority under the CBA.**

"Federal law governs the enforcement and interpretation of collective bargaining agreements under § 301 of the [LMRA], but traditional rules of contract interpretation apply insofar as they are consistent with federal labor policies." *Int'l Bhd. of Teamsters, Local 519 v. United Parcel Serv., Inc.*, 335 F.3d 497, 506-07 (6th Cir. 2003) (citing *UAW v. Yard-Man, Inc.*, 716 F.2d 1476, 1479 (6th

4

Cir. 1983)). "To discern the intent of the parties, we consider the explicit language of a collective bargaining agreement in the context that gave rise to its inclusion and in the context of the entire agreement." *Id.* at 506. The agreement "must be construed so as to render [no term] nugatory and [to] avoid illusory promises." *Yard-Man*, 716 F.2d at 1480. An arbitration award fails when: (1) it conflicts with express terms of the agreement; (2) it imposes additional requirements not expressly provided for in the agreement; (3) it is not rationally supported by or derived from the agreement; or (4) it is based on general considerations of fairness and equity instead of the exact terms of the agreement. *United Parcel Serv.*, 335 F.3d at 507 (citing *UAW v. Dana Corp.*, 278 F.3d 548, 554 (6th Cir. 2002) (quotation omitted)).

Arbitrators are confined to interpretation and application of the collective bargaining agreement. *United Steelworkers of Am. v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 597 (1960). In order to determine whether an arbitrator's decision "drew its essence" from the contract, we must consider "whether the language of the contract at hand is sufficiently clear so as to deny the arbitrator the authority to interpret the agreement as he did." *Bruce Hardwood Floors v. S. Council of Indus. Workers*, 8 F.3d 1104, 1108 (6th Cir. 1993) (citation omitted).

AEIF argues that the award should be enforced, due to the deferential standard of review, as the Arbitrator cited and relied upon five separate articles of the CBA. AEIF argues that any misapplication of the provisions in the CBA is irrelevant, as an award should be upheld if the arbitrator was arguably applying the contract. *Misco*, 484 U.S. at 38. AEIF further argues that the Arbitrator was fully cognizant of the fact that the grievance was filed by only some of the apprentices, and that he was aware that the grievance sought relief on behalf of all apprentices.

AK Steel argues that the grievance procedure, under the CBA, requires strict compliance

5

with that procedure. The proper procedures include, *inter alia*, placing the aggrieved employee's name and check number on the grievance. AK Steel argues that the Arbitrator exceeded his authority by granting an award to those apprentices who did not comply with the grievance procedures as outlined in the CBA. According to AK Steel, limiting monetary relief to the group grievants who complied with the grievance procedure is consistent with the express terms of the CBA as well as the rule that "arbitrators exceed their powers when they determine rights and obligations of individuals who are not parties to the arbitration proceedings." *NCR Corp. v. Sac-Co, Inc.*, 43 F.3d 1076, 1080 (6th Cir. 1995).

In arbitration between the same parties in 1986, a different arbitrator issued an award to "all employees," but recognized in a supplemental award that "all" referred to all employees who filed a proper grievance. The arbitrator noted that he would exceed the scope of his authority if he found that "all" meant non-grievants, as this would allow the Union to pursue grievances in a representative capacity. In 1992, a different arbitrator awarded relief, in a similar situation, to only those grievants who properly complied with grievance procedures. While former arbitrators' decisions are not binding on this panel, they are instructive for purposes of determining the proper scope of the Arbitrator's authority and award.

The provisions on which the Arbitrator relied have little relevance to the issues raised herein, as the provisions involve maintenance of the apprenticeship program and general concerns regarding the bargaining process. Limiting relief to those apprentices who properly complied with the group grievance procedure is consistent with the terms of the CBA and the rule that "arbitrators exceed their powers when they determine rights and obligations of individuals who are not parties to the arbitration proceedings." *Id*. The Arbitrator's award to all the apprentices demonstrates a "clear

6

infidelity" to the agreement itself. *AFL-CIO v. U.S. Postal Serv.*, 751 F.2d 834, 842 (6th Cir. 1985). Only eighty-seven apprentices complied with the group grievance procedure. While the Arbitrator may have been aware of various provisions of the CBA, and indeed, relied on some of those provisions, it is not clear, in granting his award, that he took those provisions of the CBA dealing with the proper grievance procedure into account or applied those provisions to this case. *See Alken-Ziegler, Inc. v. United Auto., Aerospace & Agric. Implement Workers of Am., Local Union 985*, No. 04-1193, 2005 WL 1285746 (6th Cir. May 23, 2005) (vacating arbitration award where arbitrator failed to enforce unambiguous language of labor contract); *see also AFL-CIO v. Hurd Corp.*, Nos. 00-5016/5119, 7 Fed. Appx. 329, 334, 2001 WL 210578 (6th Cir. Feb. 20, 2001) (reversing district court's grant of summary judgment where arbitrator's decision clearly conflicted with terms in the collective bargaining agreement); *Ficks Reed Co. v. Local Union 112, Allied Indus. Workers*, 965 F.2d 123, 126 (6th Cir. 1992) (finding that the arbitrator exceeded his authority by ignoring the express terms of an agreement).

Enforcement of the arbitration award to all apprentices affected by AK Steel's decision to stop providing transportation conflicts with the plain language of the CBA. The arbitration award conflicts with the terms of the CBA, as it awards monetary relief to those apprentices who did not fulfill the grievance requirements under the CBA. Allowing such relief would permit the Union to bring collective or "representative" grievances. Such an interpretation of the CBA runs counter to the parties' intent in entering into an agreement that sets forth such detailed provisions for filing grievances. Therefore, even giving due deference to the Arbitrator's decision as required by *Monroe Auto Equip.*, we conclude that the Arbitrator's award did not "draw its essence" from the CBA and the Arbitrator exceeded his authority in awarding monetary relief to all apprentices.

7

**B. The district court erred in finding that AK Steel waived its objection at the hearing to an award to persons who did not comply with the CBA's grievance procedures.**

AEIF contends that AK Steel waived its argument that the Arbitrator could only issue a monetary award to the group grievants. AK Steel contends that it had no opportunity to raise this issue at the arbitration hearing, as it was not on notice that AEIF sought an award as to all apprentices until the parties simultaneously submitted post-hearing briefs.

Generally, arguments not presented to an arbitrator are deemed waived and cannot be raised for the first time in an enforcement action in a district court. *See, e.g., Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 330 F.3d 843, 846 (6th Cir. 2003) (stating that a party may waive objection to the jurisdiction of arbitrators); *U.S. Postal Serv.*, 751 F.2d at 841 n.4 (explaining that one who fails to object promptly to procedural errors made at an arbitration hearing waives the right to later assert those errors); *Order of Ry. Conductors & Brakemen v. Clinchfield R.R. Co.*, 407 F.2d 985, 988 (6th Cir. 1969) ("[D]efects in proceedings ... during arbitration may be waived by a party's acquiescence in the arbitration with knowledge of the defect.").

AEIF relies on *Chicago Newspaper Guild v. Field Enterprises, Inc.*, 747 F.2d 1153 (7th Cir. 1984), in support of its position that AK Steel waived its argument relative to the monetary award to non-grievants. AEIF's reliance on *Chicago Newspaper* is misplaced, as *Chicago Newspaper* involved a case where the defendant failed to raise an issue at the arbitration hearing, of which it had actual notice prior to the hearing. *Id.* at 1158. In this case, AK Steel was not on notice that the Arbitrator might award monetary relief to apprentices who did not fully comply with the grievance procedure.

The district court held that AK Steel had a duty to "present to the arbitrator all foreseeable

8

restrictions on his authority to fashion a reasonable remedy, including those based on the express terms of the CBA." The district court relied on cases from the Seventh and Fourth Circuits in reaching this conclusion. First, the district court relied on *United Food & Comm. Workers v. John Hofmeister & Son, Inc.*, 950 F.2d 1340 (7th Cir. 1991), where the arbitrator ordered the company to reinstate the discharged grievant and make him whole. The court found that reinstatement and back pay were common awards in wrongful discharge cases, and therefore, the employer should have objected to the potential back pay award to the arbitrator. *Id*. at 1345. The court also noted that the parties "cannot be expected to anticipate every possible defense or datum that might influence an arbitrator's award." *Id*. at 1344-45. Second, the district court relied on *United Food & Comm. Workers v. Marval Poultry Co., Inc.*, 876 F.2d 346, 352 (4th Cir. 1989), which held that an employer waived an objection to an award of back pay when back pay was a likely remedy. The district court noted that AEIF sought broader relief in Grievance No. 01-X-453 than was strictly provided for in the CBA, and that AK Steel did not distinguish between the apprentices who did and did not comply with the grievance procedures.

This case differs from *John Hofmeister* and *Marval Poultry*. This case does not involve a single individual, or an award of back pay in a situation where grievants typically receive back pay. Rather, this is a case where the CBA set forth a specific grievance procedure and eighty-seven apprentices followed that procedure. AK Steel had no reason to believe, at the time of the hearing, that any one of the apprentices who did not follow the grievance procedure would receive a monetary award. AEIF asked the Arbitrator, at the hearing, to make the individual grievants/apprentices whole. Surely, "grievants" does not mean all apprentices, including those who never even filed a grievance, as such an interpretation essentially reads out of the CBA those

provisions that govern grievance procedures.

There is no indication that either party intentionally sought or contemplated an arbitration award to all apprentices at the time of the hearing. Thus, at the time of the hearing, AK Steel was not on notice that AEIF sought monetary relief for all apprentices. The district court erred in holding that AK Steel should have foreseen that the Arbitrator would award relief to all apprentices, when all the apprentices did not comply with the grievance procedure required by the CBA. AK Steel should not be placed in a position of having to anticipate every possible argument or issue that might influence the Arbitrator's award, especially those issues that AK Steel did not know it needed to defend and those that conflict with the plain meaning of the CBA. *John Hofmeister*, 950 F.2d at 1344-45. Therefore, we hold that AK Steel did not waive its right to challenge an arbitration award to those apprentices who did not properly comply with the CBA's grievance procedures and that the Arbitrator exceeded his authority by awarding monetary relief to all apprentices. Accordingly, we reverse the district court's grant of partial summary judgment in favor of AEIF.

## IV. CONCLUSION

For all the foregoing reasons, we **REVERSE** the district court's grant of partial summary judgment in favor of AEIF and remand the case for further proceedings consistent with this opinion.

10