15-3947-cv
*Jock et al. v. Sterling Jewelers*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24ᵗʰ day of July, two thousand seventeen.

Present:
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges*,
> NICHOLAS G. GARAUFIS,
> > *District Judge*.*

------------------------------------------------

LARYSSA JOCK, JACQUELYN BOYLE, CHRISTY CHADWICK, LISA FOLLETT, MARIA HOUSE, DENISE MADDOX, LISA MCCONNELL, GLORIA PAGAN, JUDY REED, LINDA RHODES, KHRISTINA RODRIGUEZ, NINA SHAHMIRZADI, LEIGHLA SMITH, MARIE WOLF, KELLY CONTRERAS, DAWN SOUTO-COONS,

> *Plaintiffs-Counter-Defendants-Appellees*,

> v.                                                                      15-3947

STERLING JEWELERS, INC.,

> *Defendant-Counter-Claimant-Appellant*.

------------------------------------------------

---

* Judge Nicholas G. Garaufis, of the United States District Court for the Eastern District of New York, sitting by designation.

1

For Defendant-Counter-Claimant-
Appellant:

GERALD L. MAATMAN JR. (David Bennet Rosse Lorie
E. Almon, Daniel B. Klein, Seyfarth Shaw LLP, New
York, NY; Jeffrey S. Klein, Weil, Gotshal & Manges
LLP, New York, NY, *on the brief*), Seyfarth Shaw
LLP, New York, NY.

For Plaintiffs-Counter-Defendants-
Appellees:

JOSEPH M. SELLERS (Kaplana Kotagal, Shaylyn
Cochran, Cohen Milstein Sellers & Toll, PLLC,
Washington, D.C.; Sam J. Smith, Loren B. Donnell,
Burr & Smith LLP, St. Petersburg, FL; Thomas A.
Warren, Thomas A. Warren Law Offices, P.L.,
Tallahassee, FL, *on the brief*), Cohen Milstein Sellers
& Toll, PLLC, Washington, D.C.

Appeal from a judgment of the United States District Court for the Southern District of

New York (Rakoff, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND**

**DECREED** that the judgment of the district court is **VACATED**, and that the case is

**REMANDED** for further proceedings.

Defendant-Counter-Claimant-Appellant Sterling Jewelers Inc. ("Sterling") appeals the

order of the district court confirming in part the arbitrator's class certification award. "We

review a district court's decision to confirm an arbitration award *de novo* to the extent it turns on

legal questions, and we review any findings of fact for clear error." *Duferco Int'l Steel Trading

v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003) (quoting *Westerbeke Corp. v.

Daihatsu Motor Co.*, 304 F.3d 200, 208 (2d Cir. 2002)). As is relevant here, we may vacate an

arbitration award "where the arbitrator[] exceeded [her] powers, or so imperfectly executed them

that a mutual, final, and definite award upon the subject matter submitted was not made." 9

U.S.C. § 10(a)(4). Our focus in such cases is on "whether the arbitrator[] had the power, based

on the parties' submission or the arbitration agreement, to reach a certain issue, not whether the

2

arbitrators correctly decided that issue." *DiRussa v. Dean Witter Reynolds, Inc.*, 121 F.3d 818, 824 (2d Cir. 1997). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

The narrow question presented here is whether the arbitrator had the authority to certify a class that included absent class members, *i.e.*, employees other than the named plaintiffs and those who have opted into the class. As the district court explained, it is law of the case that "the issue of whether the agreement permitted class arbitration was squarely presented to the arbitrator." *Jock v. Sterling Jewelers Inc.*, 646 F.3d 113, 124 (2d Cir. 2011) ("*Jock I*"). Our decision in *Jock I*, however, did not squarely address whether the arbitrator had the power to bind absent class members to class arbitration given that they, unlike the parties here, never consented to the arbitrator determining whether class arbitration was permissible under the agreement in first place. *See Oxford Health Plans LLC v. Sutter*, 133 S. Ct. 2064, 2066 (2013) ("Class arbitration is a matter of consent: An arbitrator may employ class procedures only if the parties have authorized them."); *accord Stolt-Nielsen S.A. v. Animal Feeds Int'l Corp.*, 559 U.S. 662, 681–82 (2010); *cf. Oxford*, 133 S. Ct. at 2068 n.2 (indicating that the availability of class arbitration may be a "question of arbitrability" that is "presumptively for courts to decide"); *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 330 F.3d 843, 846 (6th Cir. 2003) ("An arbitration panel may not determine the rights or obligations of non-parties to the arbitration."). The district court accordingly erred in finding that law of the case conclusively resolved this question. *See Jock v. Sterling Jewelers, Inc.*, 143 F. Supp. 3d 127, 129 (S.D.N.Y. 2015).

The Supreme Court's decision in *Oxford Health Plans* does not suggest otherwise. In that case, the Court wrestled solely with the question of whether an arbitrator to whom the parties had submitted the issue acted within his authority in finding that a contract provided for

class arbitration. *See* 133 S. Ct. at 2066. This issue is analogous to that addressed by this Court in *Jock I*. *Oxford Health Plans* does not speak, however, to whether an arbitrator in that scenario *also* has the authority to certify a class containing absent class members.

The district court suggested that Justice Alito's concurrence in *Oxford Health Plans* (joined by Justice Thomas) provides additional support for its conclusion here, which is based principally (but erroneously) on law of the case. *See Jock*, 143 F. Supp. 3d at 129 n.2. Justice Alito did indeed join the majority opinion in *Oxford Health Plans*, despite his doubt as to whether absent class members would—or should—ultimately be bound by the results of arbitration. *See id.* at 2071–72 (Alito, *J.,* concurring). Again, however, he joined an opinion addressing only whether, given Oxford Health Plans' concession that it had consented to the arbitrator deciding whether the parties' agreement authorized class arbitration, "the availability of class arbitration [was] a question the arbitrator should decide." *Id.* at 2072. In doing so, moreover, he indicated that "it is difficult to see how an arbitrator's decision to conduct class proceedings *could* bind absent class members who have not authorized the arbitrator to decide on a classwide basis which arbitration procedures are to be used." *Id.* (emphasis added). Thus, Justice Alito did not directly address the issue that is pertinent here: whether an arbitrator, who may decide the question whether an arbitration agreement provides for class procedures because the parties "squarely presented" it for decision, may thereafter purport to bind *non-parties* to class procedures on this basis.

We therefore vacate and remand for further consideration of whether the arbitrator exceeded her authority in certifying a class that contained absent class members who have not opted in.

*       *       *

4

For the foregoing reasons, we **VACATE** the district court's judgment, and we **REMAND** the case for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
